IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO,                    :
                                  :
        Plaintiff                 :
                                  :         CIVIL NO. 1:CV-16-1214
    vs.                           :
                                  :          (Judge Caldwell)
DR. ONOR, *et al.*,               :
                                  :
        Defendants                :


*M E M O R A N D U M*

I.    *Introduction*

        On June 14, 2016, David Cabello, a state prisoner housed at the Mahanoy

State Correctional Institution (SCI-Mahanoy), in Frackville, Pennnsylvania, filed this civil-

rights action.  (Doc. 1).  Cabello challenges the medical care he received from his former

and present psychiatrists for various chronic conditions.  After service of the Complaint,

Cabello sought leave to file an amended complaint.  (Doc. 24).  On August 22, 2016, we

granted Cabello leave to file an amended complaint.  (Doc. 25).   Presently we consider

Cabello's September 7, 2016, filing which he dually labels as an appointment of counsel

and civil complaint.  *See* Doc. 30.  As "we are not bound by the label attached by a party,"

*Jarbough v. Attorney General of the United States*, 483 F.3d 184, 189 (3d Cir. 2007), we

will construe Cabello's filing as his Amended Complaint as he makes no argument for the

appointment of counsel within the document.[1]

_____

        [1]  To the extent Cabello sought to file a motion for appointment of counsel it is denied with
out prejudice to his filing a proper motion for counsel.

Cabello's Amended Complaint (Doc. 30) is subject to preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) as was his Complaint (Doc. 1).  Upon screening the Amended Complaint, the court will dismiss it as it is apparent from the face of the pleading that: Cabello has not exhausted his available administrative remedies as to any claims except those arising at SCI-Mahanoy; he improperly joined various psychiatrists who are located in two different judicial districts and multiple facilities/practices; and he failed to allege the personal involvement of any of the named Defendants in any constitutional violation.

Cabello will be granted leave to file a second amended complaint only as to his claims against Drs. Ahner and Blatt.  Dr. Ahner's motion for enlargement of time to respond to the Amended Complaint will be denied based on our dismissal of Cabello's Amended Complaint.

II.   *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* 28 U.S.C. § 1915 the court is required to screen the complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).  *See also Ball v.  Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)(a federal

court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §

1915(e)(2)(B) and § 1915A if "the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief")(internal quotation marks omitted).

"The legal standard for dismissing a complaint for failure to state a claim

under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a

motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *See Davis v.*

*Samuels*, 608 F. App'x 46, 48 (3d Cir. 2015)(nonprecedential)(citing *Allah v. Seiverling*, 229

F.3d 220, 223 (3d Cir. 2000)).

When reviewing a complaint under 12(b)(6), the court must accept all factual

allegations as true and construe them in the light most favorable to the non-moving party.

*Pearson v. Sec'y Dept. of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015).  To survive a motion to

dismiss under Rule 12(b)(6), a complaint must contain sufficient "facts to state a claim to

relief that is plausible on its fact."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.

1955, 1974, 167 L.Ed.2d 929 (2007).  While a complaint need only contain "a short and

plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are

not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964, the complaint must set forth

sufficient factual allegations "to raise a right to relief above the speculative level . . ." *Id.* at

570, 127 S.Ct. at 1965.  "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting

-3-

*Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015)(quoting *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted).

Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  See *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245-46 (3d Cir. 2008).

With these principles in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III.    *Background*

Cabello, who "is not a doctor, but had to act like one by weaning himself off medications which all doctors failed to adequately treat," claims the Defendants are/were deliberately indifferent to his serious medical needs by failing to properly treat his diabetes, hypertension, hyperlipidemia, hypothyroidism and post-traumatic stress disorder.  (ECF Doc. 30, p. 4).  Named as Defendants are the following psychiatrists:  Dr. Northroop, Medical Director of the Pennsylvania Department of Human Services; Drs. Gabriel and Wright, employed at the Penndel Mental Health Center in Penndel, Pa.;[2] Dr. Yi, who is located in Langhorne, Pa.;[3] Dr. Keeve, an employee of Lenepe Valley Services in Doylestown, Pa;[4] Dr. Desantis, Plaintiff's personal physician from Levittown, Pa.;[5]Drs. Kahn and Brown, employed at SCI-Camp Hill; Drs. Wawrose and Altman, employed at SCI-Huntingdon; and Drs. Ahner and Blatt, employed at SCI-Mahanoy.

Cabello sues all Defendants in their individual and official capacities. He seeks monetary and injunctive relief.  (*Id.*, p. 5).

_____

[2]  This facility is in Bucks County which is located in the Eastern District of Pennsylvania.

[3]  Langhorne is located in Bucks County.

[4]  Doylestown is located in Bucks County.

[5]  Levittown is located in Bucks County.

IV.   *Discussion*

   A.   *Admitted Non-Exhaustion of Claims Unrelated to Events at SCI-Mahanoy*

   Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies.  *See* 42 U.S.C. § 1997e; *Ross v. Blake*, ___ U.S. ___, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016).  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).  "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006)(footnote and quotation marks omitted).  Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors".  *Id.* at 94, 126 S.Ct. at 2388.

   "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015)(exhaustion of prison administrative remedies is mandatory under the PLRA).  The only exception to the PLRA's exhaustion requirement is "built-in."  As

confirmed by the United States Supreme Court in *Ross, supra:* "A prisoner need not

exhaust remedies if they are not 'available'". *Ross,* _____U.S. at _____, 136 S.Ct. at 1855.

Whether an inmate has exhausted administrative remedies is a question of law that is to be

determined by the court, even if that determination requires resolution of disputed facts.

*Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013).

Dismissal of an inmate's claim is appropriate when the prisoner has failed to

exhaust his available administrative remedies before bringing a civil-rights action. *Nifas v.*

*Beard*, 274 F. App'x 241, 245 (3d Cir. 2010) (nonprecedential)(affirming grant of summary

judgment that dismissed claims without prejudice where administrative remedies were not

exhausted prior to commencement of action); *Oriakhi v. United States*, 165 F. App'x 991,

993  (3d Cir. 2006)(nonprecedential)(citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n.

9)("Indeed, there appears to be unanimous circuit court consensus that a prisoner may not

fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the

filing of the complaint in federal court.")  Furthermore, the filing of an amended complaint

after an unexhausted claim is presented to the court does not cure the infirmity. *Id.* at 209

(holding that "[w]hatever the parameters of 'substantial compliance' referred to there, it

does not encompass a second-step appeal five months late nor the filing of a suit before

administrative exhaustion, however late, has been completed.  It follows that Ahmed cannot

cure the defect in his action by the proffered amendment of the complaint.").

A plaintiff is not required to allege that he has exhausted administrative

remedies.  *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).  Nevertheless, *sua*

*sponte* dismissal is appropriate where "the basis [of plaintiff's failure to exhaust his administrative remedies] is apparent from the face of the complaint."  *Id.* at 297. Additionally, we take judicial notice of the Pennsylvania Department of Corrections' three-tiered inmate grievance procedure as set forth in DC-ADM 804.[6]  *See Spruill v. Gilils*, 372 F.3d 218, 232 (3d Cir. 2004).

Although not required to, Cabello addresses the issue of his exhaustion of administrative remedies as to the claims raised in his Amended Complaint:

> I have not exausted (sic) my remedies due to magnitude,
> complexity, and history of irreparable harm as well as present.
> However, I have filed grievances and inmate abuse statement
> DC-ADM 001 at SCI-Mahanoy in regards to "unusual things."

(*Id.*, p. 1).  Cabello admits that he has not exhausted his remedies as to the claims raised in his Amended Complaint outside of some "unusual things" that transpired at SCI-Mahanoy. While it is unclear whether the "unusual things" he has grieved related to Drs. Ahner's or Blatt's care of him is unknown and irrelevant to our decision today.  What is relevant is Cabello's positive assertion of issues he has not exhausted.  We cannot excuse his admitted failure to exhaust his claims as to any other Defendant than Drs. Ahner and Blatt who work at SCI-Mahanoy.  Accordingly, based on admission of his failure to exhaust claims raised in his complaint except as to those arising at SCI-Mahanoy, his claims against the remaining defendants will dismissed without prejudice.

---

[6]  The DOC's *Inmate Grievance System* policy, DC-ADM 804, can be found in the Inmate Handbook, and on-line at  http://www.cor.pa.gov.

-8-

B.     *Cabello's Improper Joinder of Defendants*

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties in an action.  Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).   However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit.  *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007)(nonprecedential).

As noted above, Cabello names several psychiatrist who have treated him during his life.  Many of the named Defendants work and/or are employed by different organizations located in Bucks County, which are located in a different judicial district than the defendants from SCI-Camp Hill, SCI-Huntingdon and SCI-Mahanoy.  Moreover Plaintiff fails to demonstrate any connection between the defendants employed at the various state correctional institutions.  Cabello fails to demonstrate any commonality among the Defendants other than at some point in time they all treated him.  This fact alone fails to

demonstrate their involvement in a similar transaction or occurrence, or collaborative

treatment of Cabello sufficient to join them in a single action.

Accordingly, consistent with out findings related to his failure to exhaust

issues raised in his Amended Complaint other than those at SCI-Mahanoy, the Amended

Complaint, in its present form, as lodged against all defendants except as to Drs. Ahner

and Blatt, will be dismissed *sua sponte* for failure to comply with Rule 20.  Cabello may file

a second amended complaint exclusively as to his claims against Drs. Ahner and Blatt that

complies with the Federal Rules of Civil Procedure.

C.      *Failure to State a Claim against all Named Defendants,*
        *Including Drs. Ahner and Blatt.*

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct

complained of was committed by a person acting under color of state law; and (2) the

conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by

the laws or the Constitution of the United States.  *Rehberg v. Paulk*, ____ U.S. ____, ____,

132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d

Cir. 2011).  To establish liability for the deprivation of a constitutional right, an individual

government defendant must have personal involvement in the alleged wrongs; liability

cannot be predicated based on the unconstitutional conduct of their subordinates under a

theory of *respondeat superior.  Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v.

Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  "It is uncontested that a government

official is liable only for his or her own conduct and accordingly must have had some sort of

personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011).  This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations").  A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000).

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment . . ." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

In sum, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice." *Id.*, 429 U.S. at 107, 97 S.Ct. at 293.  "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Thus, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).  Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  If a pro se complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant." *Id.*

-12-

Cabello's Amended Complaint is completely devoid of any specific allegations as to what each Defendant did, or did not do, with regard to his chronic medical conditions that would rise to the level of an Eighth Amendment claim.  His broad sweeping legal conclusion that they "failed to diagnose and treat him" are conclusory, and not factual assertions.  In its present form, Defendants have no notice of his specific claims against them individually and thus cannot respond to the Amended Complaint.  He fails to allege their personal involvement in his care and consequently fails to state a claim against any of them for which relief may be granted.

In our August 22, 2016, order (Doc. 28) granting Cabello's request to file an amended complaint, we cautioned him that his new pleading had to clearly identify the defendants as well as the actions of each defendant that violated his constitutional rights. Cabello's Amended Complaint is thus subject to dismissal due to his failure to allege the personal involvement of the named defendants or provide fair notice to them of his claims against them.  Nonetheless, consistent with our prior findings in this memorandum, Cabello will be granted a final opportunity to file an second amended complaint exclusively as to Dr. Ahner and Dr. Blatt.

D.   *Leave to Amend*

If Cabello decides to file a second amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Second Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint

-13-

without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Cabello is advised that any amended complaint he may file supersedes the original complaint (Doc. 1) and his Amended Complaint (Doc. 30) and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  His second amended complaint may not incorporate by reference any portion of his prior complaint.  Consequently, all causes of action alleged in prior complaints which are not alleged in the second amended complaint are waived.

Cabello is also advised that his second amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to the deprivation of his rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  Cabello must also specify the relief he seeks with regard to each claim.  Finally, Cabello is cautioned that his amended complaint must be legible.  If printing his amended complaint, he should double-space his text and write as clearly as possible.  Illegible document will be returned without any action being taken on them.

Cabello's failure to file an appropriate second amended complaint within the

required time will result in this action being dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).

An appropriate order follows.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: September 19, 2016